## McCune's Appeal.

1. Land of a decedent was adjudged to an heir, the share in it of another, a minor, was paid to her guardian; this came to her as land.
2. She died in her minority and the fund was paid to her administrator. *Held*, that it passed as money; and went to her next of kin of the half blood in preference to more distant heirs of the whole blood.

May 11th 1870.    Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.

Appeal from the decree of the Orphans' Court of *Cumberland county*: No. 108, to May Term 1870.   In the estate of Anna M. McCullough, deceased.

John McCune died intestate in May 1855, owning real and personal estate, leaving a widow, Sarah A. McCune, seven children and a minor granddaughter, Anna M. McCullough, the child of Bathsheba McCullough, a daughter of the decedent who had died before him.   W. G. Duncan was appointed guardian of the minor; her father died in 1856.   Under proceedings in partition the real estate of John McCune was adjudged to his son William D. McCune on the 20th of April 1857, and in 1857 and 1858 he paid to Anna's guardian $1083.99, her share of the valuation-money due before the death of the widow.   Anna died in May 1867 in her minority and unmarried.   She left to survive her, her grandmother, Sarah A. McCune and uncles and aunts of the whole blood and brothers and a child of a deceased sister of the half-blood.   Administration of Anna's estate was granted to William A. McCullough.   The guardian of Anna settled his account after her death and paid the balance, $795.07, to her administrator; this sum appeared to be part of her share of the valuation-money of her grandfather's real estate paid by William McCune.   In addition to this sum her administrator received $212 of personal estate.   His account, which was confirmed March 17th 1868, showed in his hands a balance of $547.55, which was referred to an auditor for distribution.

The contest was between the heirs of Anna of the whole blood and the next of kin of the half-blood.   The one claiming that the proceeds of the real estate received by the guardian retained its character as realty; the other that it had been converted.

[McCune's Appeal.]

The auditor reported that the fund should be distributed as personal estate to the next of kin.

After exceptions the Orphans' Court (Graham, P. J.) confirmed the report.

Sarah A. McCune, the grandmother, appealed to the Supreme Court and assigned the decree of confirmation for error.

*J. A. McCune* and *W. M. Penrose*, for appellants, cited Act of April 8th 1833, § 6, Pamph. L. 316, Purd. 563, pl. 23; Pennell's Appeal, 8 Harris 517; Carter *v.* Trueman, 7 Barr 315; Clepper *v.* Livergood, 5 Watts 113; Lloyd *v.* Hart, 2 Barr 473; Oberle *v.* Lerch, Am. L. Reg. Oct. 1868, 765; Leigh & Dalzell on Conversion 150, 151 (3 Law Lib.); Grider *v.* McClay, 11 S. & R. 224.

*A. B. Sharpe,* for appellees, was stopped; he cited in his paperbook, Grider *v.* McClay, 11 S. & R. 224; Large's Appeal, 4 P. F. Smith 383; Dyer *v.* Cornell, 4 Barr 359; Walker *v.* Dehaven, 14 Wright 101; Hay's Appeal, 2 P. F. Smith 449; Biggert *v.* Biggert, 7 Watts 563; Pauley *v.* Pauley, Id. 159; Pennell's Appeal, 8 Harris 518.

The opinion of the court was delivered, May 26th 1870, by

THOMPSON, C. J.—The guardian of the intestate in this case, Anna McCullough, recovered the share of his ward in her grandfather's estate through proceedings in partition of that estate. The first descent to her was in the character in which the share existed, viz.: as land, although converted into money. After a time she died, and the question now is, to whom does the unexpended balance of Anna's share pass? This is easily answered. It being the second descent, the money undoubtedly passed as money and not land: Hay's Appeal, 2 P. F. Smith 449. It consequently goes to the brothers of the half-blood and the issue of a sister of the half-blood. The authorities cited by the learned judge and the counsel for the defendant in error prove this beyond a doubt. The ruling of the court below sustaining this result was right, and the decree is affirmed, and the appeal dismissed at the costs of the appellant.                    Appeal dismissed.